**Michael D. JONES, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

**No. 00–3440.**

United States Court of Appeals, Federal Circuit.

Feb. 12, 2001.

Before RADER and DYK, Circuit Judges, PLAGER, Senior Circuit Judge.

PER CURIAM.

Michael D. Jones ("petitioner") petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his petition for review as untimely. *Jones v. Merit Sys. Prot. Bd.*, 86 M.S.P.R. 410 (2000). Because petitioner has not demonstrated that the Board erred in dismissing his petition for review, we *affirm*.

## BACKGROUND

In a November 24, 1999, initial decision, an administrative judge for the Board affirmed petitioner's removal from his position as a City Carrier for the United States Postal Service. The initial decision stated that the decision would become final on December 29, 1999, unless petitioner filed a petition for review by that date or the Board reopened the case on its own motion. The initial decision stated that "[t]his is an important date because it is usually the last day on which you can file a petition for review with the Board."

Petitioner did not file his petition for review until January 24, 2000, almost one month after the deadline. On February 1, 2000, the clerk for the Board informed

petitioner that his petition was untimely, and that late petitions must be accompanied by a motion for waiver of the time limit and either an affidavit or a statement, signed under penalty of perjury, stating why there is good cause for the late filing. In response, the petitioner filed such a motion, alleging that he was pro se, and that he was confused about the initial decision's reference to the December 29, 1999, date. The petitioner stated that he believed that he could file his petition for review within thirty days of December 29, 1999.

On August 11, 2000, the Board dismissed petitioner's petition for review as being untimely filed. The Board found that petitioner "has failed to establish good cause for the approximately one-month filing delay." The Board considered the petitioner's argument that he was pro se and confused, but noted that "the Board has held that an appellant's lack of sophistication in Board matters and a generally inability to understand instructions and procedures does not establish good cause to waive the filing deadline," citing *Sumrall v. Department of the Air Force*, 85 M.S.P.R. 597, 604 (2000). The Board further found that petitioner's " 'confusion' over the filing instructions was not reasonable because those instructions were straightforward." The Board therefore dismissed petitioner's petition for review. The petition for review to this court followed.

## DISCUSSION

Our scope of review in an appeal from a decision of the Board is limited. Decisions of the Board must be affirmed unless they are arbitrary, capricious, not in accordance with law, obtained without procedures required by rule, law, or regulation, or unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994); *Hayes v. Dep't of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir. 1984).

A petition for review to the full Board of an administrative judge's initial decision must be filed within thirty-five days after the issuance of the initial decision. 5 C.F.R. § 1201.114(d) (2000). Nevertheless, the Board may waive this time limit upon a showing of good cause for the untimely filing. 5 C.F.R. § 1201.114(f) (2000). To establish good cause, the petitioner must show that the delay was excusable under the circumstances and that diligence and ordinary prudence had been exercised. *See Phillips v. United States Postal Serv.*, 695 F.2d 1389, 1391 (Fed.Cir. 1982). Whether the time limit for an appeal should be waived is a matter committed to the Board's discretion. *Mendoza v. Merit. Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed.Cir.1992) (en banc). We review the Board's decision here for abuse of discretion.

We find that the Board did not abuse its discretion in holding that petitioner had failed to establish good cause for the untimely filing of his petition for review. Petitioner's arguments that he was "confused" and that he understood the thirty-day deadline to apply after December 29, 1999, are not persuasive, as the instructions in the initial decision are completely straightforward and clear. Moreover, petitioner's argument that his pro se status before the Board justifies his failure to comply with the filing requirements is similarly unavailing.

## CONCLUSION

For the foregoing reasons, we find that the Board did not err in holding that the petitioner had failed to establish good cause for the untimely filing of the petition for review. Therefore, we affirm.

COSTS

No costs.